**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02330-WJM-NYW

JOHN TEETS,

    Plaintiff,

v.

GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Motion to Restrict Public Access ("first Motion to Restrict") filed by Defendant Great-West Life & Annuity Insurance Company ("Great-West") [#76, filed March 2, 2016] and Great-West's Motion to Restrict Public Access ("second Motion to Restrict") [#100, filed April 6, 2016] (collectively, "Motions to Restrict"). The Motions to Restrict were referred to this Magistrate Judge pursuant to the Order of Reference dated October 6, 2014 [#29] and the memoranda dated March 3, 2016 and April 6, 2016, respectively [#77, #101].

**BACKGROUND**

This action is brought under the Employment Retirement Income Security Act of 1974 ("ERISA") involving the Farmers' Rice Cooperative 401(k) Savings Plan ("the Plan"). [#3, #47]. Plaintiff John Teets ("Plaintiff" or "Mr. Teets") was a participant in the Plan, and asserts claims for breach of fiduciary duty and engaging in prohibited transactions prohibited by ERISA.

[#47]. In both the original and Amended Complaint, Mr. Teets made allegations on behalf of a class, *i.e.*, "[a]ll participants in and beneficiaries of defined contribution employee pension benefit plans within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(a)(A), who had funds invested in the Great-West Key Guaranteed Portfolio Fund from six years before the filing of this action until the time of trial." [#47 at ¶ 25]. Plaintiff has now moved for class certification, and Defendant has moved to exclude the expert opinion of Plaintiff's expert, Steven Pomerantz on Excess Fees and Damages. In conjunction with these motions, Great-West seeks to restrict the briefs and exhibits, and offers redacted versions of the briefs and certain exhibits.

In its first Motion to Restrict, Great-West seeks to restrict Plaintiff's Motion for Class Certification [#69]; the rebuttal expert report of Mr. Pomerantz [#74-16], and the expert report of Mr. Pomerantz [#74-19]; Great-West proffers redacted versions at [#76-1, #76-2, and #76-3]. In the second Motion to Restrict, Great-West seeks to restrict public access to various declarations offered in support of Defendant's Motion to Exclude Expert Opinion of Steve Pomerantz ("Motion to Exclude") and Defendant's Memorandum in Opposition to Class Certification ("Opposition to Class Certification"). *See* [#83-1, #83-2, #84-1, #84-2, #86-1, #86-2, #94-4, #94-5, #94-7, #94-8, #94-11]. Great-West also seeks to restrict public access to portions of its Motion to Exclude, Opposition to Class Certification, and various declarations offered in support thereof, *see* [#82, #83, #84-3, #84-4, #84-5, #86, #88, #89 through #93, #94-1, #94-2, #94-6], and has proffered redacted versions at [#100-2] through [#100-19]. Finally, Great-West represents that certain documents were filed under seal unnecessarily, *see* [#84-6, #93-1, and #94-3], and asks that these documents be unrestricted to the public.

## ANALYSIS

There is a common-law right of access to judicial records, premised on the recognition that public monitoring of the courts fosters important values such as respect for our judicial system. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997).

These principles are reflected in D.C.COLO.LCivR 7.2(a). Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)–(4).

Great-West argues that Plaintiff's Motion for Class Certification and the exhibits thereto must be redacted because they reflect confidential financial information, and public release of such information would be detrimental to Defendant's business. [#76 at 2]. Defendant further contends that redaction of the documents, other than the Motion for Class Certification and the expert reports of Mr. Pomerantz, are not practicable. Great-West makes similar arguments with

respect to the Motion to Exclude and its Opposition to Class Certification. It contends in its second Motion to Restrict that the briefs and documents it seeks to exclude include "discussions and summaries of confidential material" pertaining in particular to the process through which it sets the Crediting Rate for the Key Guaranteed Portfolio Fund and by which it prices the services that it provides to retirement plans. Great-West contends that access to this information would give its competitors an unfair market advantage. [#100 at 4]. Defendant further contends that redaction of the first set of documents identified above, and further redaction of the second set of documents, is not practicable. In addition, Great-West seeks to unrestrict certain documents [#84-6], [#93-1], and [#94-3], on the basis that they were filed under seal unnecessarily and requests that these documents be placed on the public record.

### A. Documents Great-West Seeks to Unrestrict

The court first turns to the documents that Great-West seeks to unrestrict: [#84-6], [#93-1], and [#94-3]. As reflected in the second Motion to Restrict, these documents are as follows:

> **[#84-6]** corresponds to Thies Declaration Exhibit 7: Excerpts of the January 19, 2016 deposition transcript of David F. Babbel, namely pages 1-3, 5, 17, 18, and 366;
>
> **[#93-1]** corresponds to Morris Declaration Exhibit 1: Great-West Key Guaranteed Portfolio Fact Sheet (GWL00102545); and
>
> **[#94-3]** corresponds to Thies Declaration Exhibit 3: Excerpts of the January 19, 2016 deposition transcript of David F. Babbel, namely pages 1-3, 5, 17, 18, and 366.[1]

The court will order that these three documents be unrestricted, and to the extent that the Parties use these documents in any further briefing, they should be filed as publicly accessible documents in the first instance.

---

[1] [#84-6] and [#94-3] are identical.

4

### B.     Redaction of Briefing

Great-West also seeks to redact the briefing associated with Plaintiff's Motion for Class Certification [#69], Defendant's Motion to Exclude [#82], and Defendant's Opposition to Class Certification [#88]. While the court appreciates that Great-West has offered redacted versions of these documents, the court remains concerned about restricting access to operative allegations related to the briefs associated with Motion for Class Certification and Motion to Exclude, as "[t]he strongest arguments for access apply to materials used as the basis for a judicial decision on the merits of the case." *See Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012) (citing 8A Charles Alan Wright, et al., Federal Practice & Procedure § 2042, at 234 (3d ed. 2010)).

Nevertheless, this court acknowledges that these briefs contain information found within documents that Great-West considers proprietary. Therefore, the court will permit the restrictions of the briefs, subject to further review by the presiding judge, the Honorable William J. Martinez.

### C.     Supporting Evidence

Finally, Great-West seeks to restrict certain evidence offered to support the Parties' respective positions on the Motion for Class Certification and the Motion to Exclude and, for some filings, offers redacted documents. The court has reviewed each of the documents and has concluded the documents at issue appear to reflect financial information that Great-West considers proprietary, and wholesale disclosure of such documents could put Great-West at a competitive disadvantage. Accordingly, this court will restrict the subject documents and accept the redacted versions.

Therefore, **IT IS ORDERED** that:

(1)     The Motion to Restrict Public Access filed by Defendant Great-West Life & Annuity Insurance Company [#76] is **GRANTED** as follows,

(2)     The Clerk of the Court is **DIRECTED** to **MAINTAIN** a Level 1 Restriction for the following documents: [#69], [#74-1], [#74-2], [#74-3], [#74-4], [#74-5], [#74-6], [#74-7], [#74-8], [#74-9], [#74-10], [#74-11], [#74-12], [#74-13], [#74-14], [#74-15], [#74-17], and [#74-18];

(3)     The Clerk of the Court is **DIRECTED to NOTE ON THE DOCKET**:

[#76-1] as Plaintiff's Motion for Class Certification (Redacted Version of [#69]);
[#76-2] as the Rebuttal Expert Report of Steve Pomerantz (Redacted Version of [#76-16]; and
[#76-3] as the Expert Report of Steve Pomerantz (Redacted Version of #74-19);

(4)     The Motion to Restrict Public Access filed by Defendant Great-West Life & Annuity Insurance Company [#100] is **GRANTED** as follows,

(5)     The Clerk of the Court is **DIRECTED** to **MAINTAIN** a Level 1 Restriction for the following documents: [#82], [#83] [#83-1], [#83-2], [#84-1], [#84-2], [#84-3,] [#84-4], [#84-5], [#86], [#86-1], [#86-2], [#88], [#89], [#90], [#91], [#92], [#93], [#94-1], [#94-2], [#94-4], [#94-5], [#94-6], [#94-7], [#94-8], [#94-11]; and

(6)     The Clerk of the Court is **DIRECTED to NOTE ON THE DOCKET**:

[#100-2] as Defendant's Motion to Exclude Expert Opinion of Steven Pomerantz on Excess Fee and Damages (Redacted Version of [#82]);
[#100-3] as the Declaration of Christine Moritz in Support of Defendant's Motion to Exclude Expert Opinion of Steven Pomerantz on Excess Fee and Damages (Redacted Version of [#83]);
[#100-4] as Exhibit 3 to the Declaration of Daniel R. Thies in Support of Defendant's Motion to Exclude Expert Opinion of Steven Pomerantz on Excess Fee and Damages (Redacted Version of [#84-3]);
[#100-5] as Exhibit 4 to the Declaration of Daniel R. Thies in Support of Defendant's Motion to Exclude Expert Opinion of Steven Pomerantz on Excess Fee and Damages (Redacted Version of [#84-4]);
[#100-6] as Exhibit 6 to the Declaration of Daniel R. Thies in Support of Defendant's Motion to Exclude Expert Opinion of Steven Pomerantz on Excess Fee and Damages (Redacted Version of [#84-5]);
[#100-7] as the Declaration of David McLeod in Support of Defendant's Motion to Exclude Expert Opinion of Steven Pomerantz on Excess Fee and Damages (Redacted Version of [#86]);
[#100-8] as Defendant's Memorandum in Opposition to Class Certification (Redacted Version of [#88]);

[#100-9] as the Declaration of Dan Armstrong in Support of Defendant's Memorandum in Opposition to Class Certification (Redacted Version of [#89]);

[#100-10] as the Declaration of Ryan Derbes in Support of Defendant's Memorandum in Opposition to Class Certification (Redacted Version of [#90]);

[#100-11] as the Declaration of David McLeod (Redacted Version of [#91]);

[#100-12] as the Declaration of Christine Moritz (Redacted Version of [#92]);

[#100-13] as the Declaration of Brian Morris (Redacted Version of [#93]);

[#100-14] as Exhibit 1 to the Declaration of Daniel R. Thies in Support of Defendant's Memorandum in Opposition to Class Certification (Redacted Version of [#94-1]);

[#100-15] as Exhibit 2 to the Declaration of Daniel R. Thies in Support of Defendant's Memorandum in Opposition to Class Certification (Redacted Version of [#94-2]); and

[#100-16] as Exhibit 6 to the Declaration of Daniel R. Thies in Support of Defendant's Memorandum in Opposition to Class Certification (Redacted Version of [#94-6]);

(7) The Clerk of the Court is **DIRECTED to UNRESTRICT** the following documents: [#84-6], [#93-1], and [#94-3]; and

(8) To facilitate the court's review, and for clarity on the court's docket, for any future motion to restrict, the Parties are **DIRECTED** to file the proposed Order at the end of the attachments, so that the exhibit numbers assigned by the court's Electronic Filing System coincide with the exhibit number used by the Party, and to indicate on any title page and within the docket entry of a redacted document the title of the documents and the ECF number of the associated restricted document (*e.g.*, Exhibit 1 – Defendant's Motion to Exclude Expert Opinions of Steven Pomerantz on Excess Fee and Damages (REDACTED version of [#82]). **Failure to follow these instructions may lead to the court *sua sponte* striking a motion to restrict without substantive review.**

DATED:  April 20, 2016                                   BY THE COURT:

                                                         s/ Nina Y. Wang
                                                         Nina Y. Wang
                                                         United States Magistrate Judge