**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-2330-WJM-NYW

JOHN TEETS,

    Plaintiff,

v.

GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO APPROVE CLASS NOTICE**

---

    Plaintiff John Teets ("Plaintiff") brings this lawsuit against Defendant Great-West Life & Annuity Insurance Company ("Defendant") for Defendant's alleged breaches of its fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.  Currently before the Court is Plaintiff's "Motion for an Order Approving the Form and Manner of Notice to the Class, Directing Defendant to Produce a Class List to Class Counsel, and Approving a Schedule for Notice of Class Certification" ("Motion for Approval").  (ECF No. 130.)  For the reasons explained below, Plaintiff's "long-form" notice is approved with certain minor changes shown in the attachment to this order; the Court finds that service of the long-form notice by traditional postal mail to all class members is appropriate in these circumstances; and Plaintiff must bear the costs of notice.

**I.  LEGAL STANDARD**

    The Court previously certified this matter as a class action under Rules

23(b)(1)(A) and 23(b)(3).  (*See* ECF No. 118.)  Given the Rule 23(b)(3) certification,

> the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

This Court "has great discretion and flexibility in determining what is the best notice procedure to utilize under the circumstances of the case at hand."  7AA Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1788 (3d ed., Apr. 2016 update) (footnote omitted).

## II.  ANALYSIS

Plaintiff proposes a three-tiered distribution system.  First, Defendant would e-mail a "long-form" notice (ECF No. 131-2) and a "short-form" notice (ECF No. 131-4) to all members of the class for whom Defendant has a valid e-mail address.  Second, for all current customers of Defendant for whom Defendant has no valid e-mail address,

Defendant would mail the short-form notice as an insert in Defendant's next regular mailing to its customers (such as a quarterly report or other required communication). Third, for all former customers of Defendant, Defendant would simply mail the short-form notice. (ECF No. 131 at 2.) Plaintiff's proposal thus raises two major issues: (1) mode and burden of distribution, and (2) form of notice. The Court will address each in turn.

A.   **Mode and Burden of Distribution**

The Court finds Plaintiff's distribution proposal unduly complicated. The multi-tiered approach appears just as likely to raise disputes (*e.g.*, which class members actually fall into which categories) as it does to create any sort of efficiencies. Moreover, although e-mail might be an appropriate form of notice in many circumstances, the Court finds it inappropriate under the specific facts of this case. In particular, it is undisputed that about 270,000 individuals will need to receive notice (ECF No. 118 at 13) but that Defendant has valid e-mail addresses for only 24% of current customers, "and even fewer" for former customers (ECF No. 136 at 2). Any sampling of 270,000 individuals that finds only 24% or less to be accepting financial institution communications by e-mail suggests that this population is generally not accustomed to receiving important communications via e-mail. In this light, e-mail is not appropriate.

For similar reasons, the short-form notice is not appropriate. The short-form notice does not contain all of the information required by Rule 23(c)(2)(B), and instead requires the recipient to visit a website in order to receive the information available in the long-form notice. The Court again presumes that the certified class,

disproportionately uncomfortable with e-mail, is likewise less comfortable with accessing the Internet. The short-form notice also offers a toll-free information hotline, but the Court finds that requiring class members to take that affirmative step is unwise on the facts presented.

This leaves only the long-form notice, and its mode of distribution. According to Plaintiff, first-class mailing of the long-form notice to all class participants could cost roughly $200,000. (*See* ECF No. 140 at 8.) Plaintiff understandably would prefer not to incur this cost. However, the Supreme Court has made clear that it is usually the Plaintiff's duty to pay for the cost of class notice:

> Although we do not attempt to catalogue the instances in which a district court might be justified in placing the expense on the defendant, we caution that courts must not stray too far from the principle . . . that the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action.

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978). Plaintiff offers no reason why the Court should deviate from the usual rule in this case. Moreover, in a class of 270,000, and on the facts alleged by Plaintiff, the potential recovery for the class appears to be substantial enough to more than justify the estimated $200,000 needed to notify the class members.

Nonetheless, the Court sees two areas where potential cost savings might be realized. First, the Court will not require first-class mailing. Class Counsel, in its discretion, may instead select bulk-mail options that offer a lower mailing cost, so long as the mailing arrives in a reasonable amount of time prior to the opt-out date. Second, given that the informational website and toll-free hotline were intended to supplement

the short-form notice, the Court leaves it to Class Counsel's discretion whether the website and/or hotline (and their attendant costs) are still needed.[1]

To enable Class Counsel to prepare the notice mailing, Defendant will be ordered to provide Class Counsel with a list of all class members in manipulable electronic form.  *See Oppenheimer*, 437 U.S. at 355 ("Rule 23(d) also authorizes a district court in appropriate circumstances to require a defendant's cooperation in identifying the class members to whom notice must be sent").

**B.**     **Long-Form Notice**

Plaintiff represents that his proposed "long-form" notice (ECF No. 131-2) is "stipulated" save for "a single sentence, which is highlighted" (ECF No. 131 at 5). Plaintiff refers to a sentence from the following passage, which the Court has underlined:

> A 401(k) plan participant who invested in the Great-West Key Guaranteed Portfolio Fund (the "Fund") has sued Great-West Life & Annuity Insurance Company ("Great-West") alleging that Great-West makes too much money from the Fund. <u>Plaintiff claims that Great-West retains too much of the Fund's investment return (minus certain costs), to the detriment of Fund participants and beneficiaries (the class members), and in violation of ERISA.</u> The lawsuit is known as *John Teets v. Great-West Life & Annuity Insurance Company*, No. 14-02330.  Judge William J. Martinez of the United States District Court for the District of Colorado (the "Court") is overseeing this case.

(ECF No. 131-2 at 2.)  Defendant's response brief does not address this sentence. (*See generally* ECF No. 136.)  Defendant has therefore waived any objection it might

---

[1] If not, references to the website and/or hotline must be removed from the long-form notice.

have.  Moreover, the Court finds nothing obviously incorrect about this sentence.  Accordingly, the Court will not strike or alter it.

The Court further finds that the long-form notice contains all of the information required by Rule 23(c)(2)(B).  The Court has nonetheless made the following modifications, as evident in the attachment to this Order:

- The Court has further emphasized that it has yet to rule on the merits, if any, of Plaintiff's claims.
- The Court has made more explicit class members' right to hire their own attorney.
- The Court will require a mailing address at which Class Counsel may be reached to address questions.
- The Court has filled in the opt-out date.

Assuming Class Counsel supplies the remaining information (mailing address, e-mail address, and page numbers in the table of contents; and, to the extent still necessary as discussed above, the website address, and toll-free telephone number), the long-form notice, as modified by the Court, is approved.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Approval (ECF No. 130) is GRANTED to the extent stated herein, and otherwise DENIED;

2. Plaintiff's "long-form" notice (ECF No. 131-2) is APPROVED subject to:

    a.    inserting the Court's edits, as evident in the attachment this order,

    b.    filling in the required e-mail address(es), mailing address(es), and table of

       contents page numbers, and

   c.   if Class Counsel elects to maintain a website and/or toll-free hotline, filling in the website address and/or telephone number;

3.   The Court establishes following deadlines related to providing notice:

| | |
|---|---|
| **January 6, 2017** | Class Counsel and Defendant's counsel shall confer and agree upon the appropriate electronic format in which Defendant's counsel will provide a list of class members' names and last known mailing addresses. |
| **January 16, 2017** | Defendant's counsel shall transmit to Class Counsel the electronic list of class members' names and last known mailing addresses. |
| **February 28, 2017** | Class Counsel shall complete the mailing of the long-form notice to all class members' last known mailing addresses. Such mailing may be by United States Postal Service first-class mail or a lesser class of United States Postal Service mail, in Class Counsel's discretion, so long as the United States Postal Service represents that the mailing will arrive at least 60 days before the Opt-Out Date, below. |
| **May 31, 2017** | Class members' opt-out communications, if any, must be postmarked by this date ("Opt-Out Date"). |

Dated this 29th day of December, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge