# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02330-WJM-NYW

JOHN TEETS,

     Plaintiff,

v.

GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY,

     Defendant.

---

## ORDER

---

Entered By Magistrate Judge Nina Y. Wang

     This matter comes before the court on Defendant's Unopposed Motion to Restrict Public Access ("Motion to Restrict"), filed by Defendant Great-West Life & Annuity Insurance Company ("Great-West") [#187, filed May 16, 2017]. The Motion to Restrict was referred to this Magistrate Judge pursuant to the Order of Reference dated October 6, 2014 [#29] and the memorandum dated May 17, 2017 [#188].

     There is a common-law right of access to judicial records, premised on the recognition that public monitoring of the courts fosters important values such as respect for our judicial system. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997).

     These principles are reflected in D.C.COLO.LCivR 7.2(a). Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)–(4).

In the Motion to Restrict, Great-West seeks to restrict documents filed in connection with the following motions: (1) Great-West's Motion to Decertify the Class [#164]; (2) Great-West's Motion for Summary Judgment [#169]; and (3) Plaintiff's Motion for Partial Summary Judgment [#175]. [#187 at 6]. Great-West seeks full restriction of one category of documents, to file redacted versions of another category of documents, and to remove the restriction for a third category of documents. Great-West asserts that the type of restriction it seeks is necessary to protect its confidential financial and marketing information. [*Id.* at 4]. The court notes, while not dispositive, that Plaintiff does not object to Defendant's Motion to Restrict.

In reviewing the documents at issue this court agrees that redaction beyond what is proposed is not practicable. However, the court remains concerned about restricting access to operative allegations related to the three Motions, even in light of a public filing with limited redactions, as "[t]he strongest arguments for access apply to materials used as the basis for a judicial decision on the merits of the case." *See Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012) (citing 8A Charles Alan Wright, et al., Federal Practice & Procedure § 2042, at 234 (3d ed. 2010)).

Finally, the court notes that the proposed Order correlates the redacted versions of documents with their restricted counterparts, but not in a single chart. *See* [#187-36]. To facilitate access to the documents for members of the public seeking to view the information, this court **ORDERS** the Parties to submit a Notice of Chart Correlating Restricted and Redacted Documents Pertaining to Motion to Decertify, Motion for Summary Judgment, and Motion for Partial Summary Judgment, which shall correlate the redacted versions of documents with their restricted versions, referencing numbers used by the court's Electronic Court Filing ("ECF") system.[1]

**IT IS ORDERED** that:

(1)     The Unopposed Motion to Restrict Public Access [#187] is **GRANTED IN PART and RESERVED IN PART**;

(2)     The Clerk of the Court is **DIRECTED** to **MAINTAIN** a Level 1 Restriction for the following documents: [#167-3], [#167-4], [#167-6], [#167-7], [#171-1], [#171-2], [#173-1], [#173-2], [#176-1 through #176-9], [#179-2 through #179-39], [#179-42 through #179-44], [#179-48 through #179-51], [#179-57], and [#179-58];

---

[1]  The court anticipates that Defendant can use the same information provided in the proposed Order, but simply in a single chart. For example:

| Document | Restricted Exhibit | Redacted Exhibit |
| --- | --- | --- |
| Thies Declaration Exhibit 2: Expert Report of David F. Babbel | #167-1 | #187-4 |

(3)    The Clerk of the Court is **DIRECTED to MAINTAIN** the following documents as Level 1 Restricted: [#164], [#169], and [#175], **UNTIL AND UNLESS** the Honorable William J. Martinez orders that Defendant's Motion to Decertify Class [#164], Defendant's Motion for Summary Judgment [#169], and/or Plaintiff's Motion for Partial Summary Judgment [#175] be made publicly accessible;

(4)    The Clerk of the Court is **DIRECTED to DOCKET** separately [#187-1] as Defendant's Motion to Decertify Class (Redacted);

(5)    The Clerk of the Court is **DIRECTED to DOCKET** separately [#187-9] as Defendant's Motion for Summary Judgment (Redacted);

(6)    The Clerk of the Court is **DIRECTED to DOCKET** separately [#187-11] as Plaintiff's Motion for Partial Summary Judgment (Redacted);

(7)    The Clerk of the Court is **DIRECTED** to **UNRESTRICT** the following documents: [#176-10 through #176-12], [#179], [#179-1], [#179-45], [#179-46], [#179-47], [#179-59]; and

(8)    On or before **June 1, 2017**, the Parties shall file a Notice of Chart Correlating Restricted and Redacted Documents Pertaining to Motion to Decertify, Motion for Summary Judgment, and Motion for Partial Summary Judgment, as previously specified.


DATED:  May 25, 2017